case number 19-5019 Lisa Lewis appellant v. United States Department of the Treasury Ms. Park for the appellant, Mr. Glover for the appellate good morning counsel shall we hear from counsel for appellant your honor may I begin are you counsel for appellant yes your honor please begin thank you good morning your honors and may it please the court my name is Sumi Park and I represent the appellant of this case Ms. Lisa Lewis we are here today to argue that summary judgment should not have been granted by the district courts for many reasons but primarily we would like to argue that the way in which the district court handled and viewed the evidence in assessing whether there was a argument for pretext we would argue that the district court was wrong in the way that it viewed the evidence because it did not make any favorable inferences in reasonable inferences in favor of the plaintiff when it had the when it was in a situation to do so and also more fundamentally we do not believe that the district court view the evidence in the totality of the evidence perspective as it should have done because when you isolate each and every pretext evidence and rebut each one by saying this does not indicate bias or discrimination that does not indicate bias either so you're clean sales if you do all right the government responds that you have brought a case of discrimination based on pre-selection and the government state pre-selection by itself is neither unusual nor illegal citing our opinion in Colstead which was an in-bank opinion but as the government and you know the issue before the in-bank court was limited so I went back to look at the panel opinion and the author of the in-bank opinion agreed with the panel opinion except on the one point that the court went in bank so the panel pointed to our authority and authority from other circuits that says an employer's pre-selection of a job candidate in violation of its own procedures requiring fair consideration of qualified applicants is undeniably relevant to the question of proffered explanation for its employment decision so that's that 108 said third in the panel opinion so if you would counsel how did the employer fail to follow its own procedures here yes your honor there is evidence that this was a very unusual way of selecting especially if there are only two qualified candidates so in the record it shows that Mr. Mayhawk who is the ultimate deciding official originally the human resources department did qualify both Ms. Lewis and Mr. Gossin as the best qualified candidates so at that point Mr. Mayhawk should have made the decision between the two candidates but instead of doing that and we believe an instance may say that because my reading of the record is that somebody from human resources said no you ought to do what he did um on the on page 207 um well which is um Ms. Lewis's deposition actually but um we believe that it is it was not the norm for in a situation like this for a subject matter expert panel to be paneled at the last minute um and one of the experts purported experts were not an expert in the field in which the decision was being sought so that's another thing that we believe is a procedurally erroneous um but um but i asked you counsel what's your authority my authority for the procedural irregularities being indicative of discrimination your honor um well or that there are procedural irregularities um i'm not i thought okay the supervisor originally was going to do a desk audit then someone from the human resources department said no you ought to advertise this so anybody who's qualified can apply is that not what happened yes your honor but if i could cite perhaps salazar in which um the specific situation um had some last-minute changes to the procedure and um the court their real thought that is indicative of um procedure irregularity that but the council this is judge griffith the the last minute change here benefited your client there was more process introduced into the decision making than there was going to be how how does that disadvantage your client your honor um we do not think that it advantaged my client at all um because what what what should have happened what should have been done just just just the supervisor made the decision at the get-go and not opened it up for the process that followed i don't understand so mr mayhawk should have um gotten all the names who are best qualified and then he should have interviewed and then made the decision himself but he made it look like and this is where the pretext arguments come in your honor he made it look like um um he had no ultimate say in choosing mr gossam because he said oh the subject matter panel gave me only mr gossam assessed he clearly favored uh mr gossam i think he had been a star employee he had you know compared to that that there's nothing illegal about that to identify prospective employees for advancement what you need to show the burdens on you to show that that he did that out of a racial animus and and where where do you show that your honor um there is no direct evidence of racial animus in this but um this court has said um i think many times that um suspicious evidence the words that used for fishy evidence if there's enough fishiness in the air that indicates pretext without having direct evidence and the fishiness here was to follow the advice of human resources and introduce more process into the system i don't understand that no to me that sounds like pretty good management practice but again your honor um we would like to point out that of course by just by looking at this itself doesn't indicate anything uh fishy but we argue that um your honors must view all of these evidence in conjunction for example um one of the panel members of the two-person panel miss boykin was an information technology specialist and she should have never been on that panel um it will be like an it specialist um um choosing the next lawyer for the law firm it would be not in his area of expertise even if they even if the it specialist does work at the law firm so um we believe that this also um gives an inference that miss boykin was only put into the panel at the last minute to avoid the appearance of um and if you combine this evidence your honor with the evidence of that miss lewis provided of the statistics of the office but at one point and i think still today that miss lewis is the only african-american female at the office of security um and she's the only band four employee at the office of security everyone else is a band five or six or above um and and and and viewing that with also um the the the scoring agency between mr sheldon and miss boykin on this panel um and the fact that miss boykin also took no contemporaneous notes um is something that i in hamilton said it could indicate pretext if you combine that evidence with other fishiness um so i would argue your honor that um there is plenty of fishiness in this in this case and all of them must be viewed in totality of the evidence as this court has emphasized and what when once the court does that i do believe that it will show pretext because what is the employer trying so hard to cover up if it was i mean they could have just said listen we like mr lawson he's very likable and he's very talented and we want to uncompetitively promote him and dust him so so let's do all this but instead of doing that they tried to cover their tracks in the most um dramatic ways your honors and um they they just tried and the supervisors and the decision makers contradicted other hr employees um in their declarations made under oath um such evidence does suggest a strong fish that exists in this case um let me be clear let me be clear you just acknowledged that it would have been as i understood your your response judge griffith that it would have been perfectly lawful no discrimination for the office to have decided to promote mr gosselin um yes only to the extent oh sorry arnold what were you saying i'm sorry why don't you finish oh yes i was saying um yes it would be legal only to the extent they do not have an internal policy that dictates that in such a cannot uncompetitively promote a employer they deem reportedly superior and and where is the citation for that policy there is no specific policy in verbatim that was in the record um this comes through miss lewis's um deposition testimony but i believe your honor in um in ovato i mean for it for tcs that that a a deposition testimony of a plaintiff can create tribal um facts and um miss lewis right no you're talking about violation of policy that's more like violation of a regulation or uh office guidance and that's what i was looking for a citation so the record does not indicate a a policy um it does not your honor but we do still think that there's a strong case for text under the circumstances given the the actions of the supervisors in just trying to cover this up and it shows that they did not genuinely believe that was the more qualified one um the appellee can argue all day that mr gosselin was more qualified and that is why we should defer to the judgment of the employer but that does not mean that the court has to ignore all the very strong effects and and also i i do not think that they have a very strong case um for mr gosselin superiority especially in regards to the years when hardly had any experience in 2008 and earlier he was the only one that was allowed to participate in the green belt training which played a pivotal role the only issue before us as you know is did the district court err in granting summary judgment here so under your mosaic theory that's why i went back to look at colstead and the thing that colstead gave you i thought was legal authority for the mosaic as giving as relevant to discriminatory intent yes your honor absolutely um we really like the colstead case the 1997 one so that is where it then at that point the jury can infer discrimination right away and we we agree that is what's happening in this case because like in colstead there's um evidence of pre-selection and job tailoring tailoring the job advertisement to fit the person they ultimately chose and um judge patel says that all of this in conjunction with one another definitely showed um pretext and of course they can infer discrimination from that and we would strongly argue counsel what are you citing when you say judge sentel oh no no no tatao tatao judge tatao you mean the cattel case oh no judge tattles opinion in colstead vada um of 1997 the one before the inbox decision the panel decision look at it i'm looking at it now i don't know who the district court judge was and you're saying this i think counsel means to say judge tatao only so in any event um just you know we don't care about the name of the judge here that legal proposition that's set forth there and either it helps you or it doesn't and i'll ask the government about that as well um i know and we'll give you unless one of my colleagues has another question i didn't hear from the public and then we'll give you some time on rebuttal okay thank you your honor all right yes for appley yes your honor yes okay may it please the court matthew glover and i provided a non-discriminatory reason here and plaintiff failed to show that it was pretext judge rogers if i can begin with your colloquy with my colleague about where the policy or how this somehow deviated from the normal practices if you look at i would cite paa 88 or paa 088 in the record where there's the declaration of miss angela carter she says that the ranking panel was consistent with that used in prior vacancies and so you know if as you point out that the original panel opinion in colstead did say pre-selection including you know can suggest potential pretext and then you add things like violating policies or not following your normal procedures here there's no indication that they didn't follow the normal procedures as judge griffith's question noted any deviation from the option that mr mayhawk had to simply interview the two candidates was a deviation which created new people looking at the process um and an additional layer of process for the applicants and then i would emphasize that while the panel opinion in colstead did highlight pre-selection the en banc court stated that pre-selection would not be unusual in cases where the employer knows the employees and they're selecting from a small group uh how large was this group how large was the office um i believe the office had uh a handful maybe six employees but miss carter who's the one that suggested not using a desk audit but instead having an open process stated that there were two employees at the same band level uh and thus eligible for the promotion and so there would only have been two employees eligible uh within the sorry i think outside people may have been able to apply but these were the only two applicants so as i understand the argument here in part by appellant is that um if you take the law as we stated it in colstead and the en banc court did not change that at all because the only issue before the en banc court had to do with an evidentiary standard not what we're talking about here today and if you look at the panel i won't repeat the quote that i mentioned at the beginning of appellant's argument but the panel went on to say here the evidence that the plaintiff had was this job responsibility um that there were these um agreement on the goals for the man who ultimately got the job and um that person uh began meeting extensively with the supervisor and that in that case essentially uh the argument was that the association had selected the person chosen essentially before it ever posted the position so what i want to understand is as you know as appellant pointed out in justifying the selection there was reliance on data that was not even available at the time for fiscal year 2011 um and that made the selected person look better um whereas the only evidence that was um available at the time was that the two applicants were um scored equally on that point so what i'm trying to understand here is i certainly understand your point and the implication of judge griffith's that the appellant got more process by getting this panel but the issue is just so i understand it on summary judgment where she must get the benefit of all favorable inferences if the person who selected the panel had already indicated he wanted mr dotson and then some of the actions that existed in our colstead case occurred and the training which was critical was only available to one person and that person was mr dotson um so in other words there was no way mrs lewis could have been selected that's her argument and what what is your response based on our standard of review and the evidence that was before the district court judge here uh yes your honor i'll answer that in a number of parts and if i could actually start with um a point about the fiscal year 2011 data miss park or excuse me miss lewis did not take issue with the district court's reliance on the fiscal year 2011 uh ratings until the reply brief as this court has said many times uh roland's environmental services versus epa judge griffith's opinion for brief at page 28 of american wetlands versus kemp thorne an argument raised for the first time in the reply brief normally need not be addressed so just as to the fiscal year there's an adverb there and we're on de novo review so if you proceed sure um i would also take issue with the suggestion that the 2010 scoring showed they were identical they both received a summary score however in the six individual components uh mr gossan received a four in four of the components and he received a three and two of the components and miss lewis received a three in all of the components additionally i would point out that this is distinct from colstead as you said in colstead they um to settle over the background there were two people in sort of a deputy director or deputy vp position applying for to replace their supervisor and one of the things about the job posting that the panel opinion highlighted was odd was they copied and pasted the job description of the male applicant who was ultimately chosen i think he did the lobbying side of the organization and she did the manage the female applicant did the management side of the mr gossan was called in to help write the description so that that's her analogy i think i don't think she's saying that you know um they did exactly the same thing but she's saying you add up all of this and you wonder what was going on and then one of the people on the panel has no expertise in the area being addressed so your honor i'll start with the last statement as we describe in our brief miss boykin had years of experience in the security area she was not in this specific office doing personal adjudications but she was she had experience in the security office she'd worked for the office of the comptroller of the currency she had reported to mr mayhawk the same supervisor um that was second-line supervisor here so she was an it specialist in the security area she was we think perfectly qualified to serve on the rating panel and and we don't think that miss lewis has has put in evidence calling into question her expertise in an office of six people you don't have to have the panel come from you know the two people in that office if you're working in the same area um so i don't think that the use of miss boykin and the panel suggests anything other than having someone who had not previously worked or supervised these two people also rate their applications as to including uh you know lean six sigma training and things like that in the job description the story here begins with mr mayhawk took over as supervisor of this office he recognized that mr gossan was performing above um his grade he suggested a desk audit miss carter said we should have an open application because there's two people at this level and so looking at the skills that mr gossan has when you are looking to create a new position that fits those skills it is not uh nefarious because you're you've identified these are the type of skills we want um and in the email he talks about someone like mr gossan or someone like mr gossan when he's outlining those skills so we just don't think that she has put together enough in the mosaic with each of those pieces of evidence and and again the use of the panel allowed for one person who had reviewed them and it allowed for looking at the financial fiscal year 2010 um applications but also the knowledge and assessment questions on which both uh panel if the court has other questions i'm happy to address them uh i think i would make a couple minor factual points miss lewis uh says that she wasn't offered the green belt training but she acknowledged in her deposition that uh the training in this system went through a program uh i'm now forgetting the acronym but she that uh that she never applied for the tlms i believe the acronym it's in her deposition paa 080 i believe is the page number she acknowledged she never requested training in lean six sigma um uh is through that system another employee was later provided lean six sigma training um so there the evidence the record doesn't show that only mr gossan was ever provided this training it doesn't show that aside from the one time in which everyone in the office asked for the training and they did select mr gossan that miss lewis ever requested the training uh you know i'm happy to answer other questions that the court has but i'm also happy to rest on our brief we think that miss lewis has not put in evidence showing that the government's proper reason that mr gossan was more qualified is pretext and she certainly hasn't in attempting to undercut the reason tied that to any evidence of discrimination and i guess i would point to i think it's footnote three in aka versus washington hospital center which was also an en banc case uh decided the year after colstead where the court said in footnote three it's 156 f third at 1288 that in describing what mcdonald douglas requires it adopted the position that sometimes it means that both the explanation is incorrect you're undercutting the explanation the employer and that the employer's real reason was discriminatory and so miss lewis hasn't provided anything to suggest that the employer's real reason was discriminatory and in trying to undercut the employer's reason she's just pointed out that this process began with acknowledging that mr gossan was a high-performing employee if the court has nothing further i'm happy to rest thank you thank you counsel for appellant yes hello yes yes um uh first of all your honor i would like to just briefly uh rebut mr glover's point about the aka case um aka case um said that unless there is um independent evidence that conclusively show from the employer that no discrimination has been made in conjunction with pretext maybe in that situation there won't be an inference of discrimination but we believe that the uh defendants the affilee has not provided any such independent evidence um that shows that no discrimination has occurred so by having a very strong um evidentiary support for our pretext argument we believe that this the case uh this was the sort of situation where aka envisioned um proving the falsity of the reason of the employer can be sufficient to directly infer discrimination um also uh mr glover mentioned that so your honor um the reason why i wanted to talk about the green belt training um even if it is from year 2008 because it is it it has a very a fishy player in in the in the scene so this player is mr um sheldon he is one of the panel members that made the decision and the both both employees supervisor at the time um he um went through abnormal procedures meaning he didn't go through the correct procedures and the channels of giving mr gossan the only green belt training opportunity at the office at the time the team leader was miss delores hood and any and all requests for giving out training opportunities should have gone directly to her and she would be the one making the decision but mr sheldon decided even before mr gossan has started to shine at the office of the treasury office of the security um mr sheldon just arbitrarily went over miss hood's head and just chose mr gossan for this position which is apparently one of the crucial factors and the same person mr sheldon giving him full marks at the subject matter expert panel deliberation um so so this is and and miss lewis that only did not go through tlms to apply for this because she has she had already heard that um there was only one opportunity available and it already went to mr gossan so um so all of these evidence in conjunction starting from years back um before mr gossan had a chance to shine at the office as with the superior employee mr sheldon just arbitrarily chose him for this very very highly coveted training position and it was the only one for almost five or six years that was ever given at the office and everyone wanted it of course miss lewis wanted it despite mr sheldon saying um in his deposition that miss lewis never illustrated her interest she wanted this training more than anyone else um and just as much as mr gossan but it all started up there your honor we believe but from from then on just um there's evidence of favoritism but i believe um in talavera um this circuit has said um evidence of favoritism should not be ignored when assessing the pretext claims by the plaintiff and in this case we believe that this shows favoritism because not only the green belt training but there were several other trainings that mr sheldon was allowed to participate in when the executive branch has put a um spending freeze on on such travels so um but even when there was no spending freeze when miss lewis asked mr mayhap for some training or some um like online college courses that she wanted to take to better herself as an employee he said no nope this is not approved is what he said so i mean all of this stuff is a um great favoritism for mr gossan and it is not um the court's role to read the minds of these supervisors it is the role of a jury they must listen to all of these in conjunction and see which evidence makes more sense to them and which one has more credibility um unfortunately at the in favor of the defendant even when the evidence that supported the defendant was clearly very weak so um if your honors have no more questions um i would like to uh thank you thank you we'll take the case under advisement
judges: Rogers, Griffith, Rao